UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| Eustorgio Guzman Resendez | § | |
| Ovidio Garcia, Jr. | § | |
|     Plaintiffs | § | |
| | § | |
| vs. | § | MISC. ACTION No. M-03-040 |
| | § | |
| | § | |
| Gilberto Hinojosa, *et al* | § | |
|     Defendants | § | |

**REPORT & RECOMMENDATION**

Pending before this court is Plaintiffs' *pro se* civil rights lawsuit, which is founded on federal question and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367. Upon review of this case, the undersigned determines that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

*Background*

Plaintiffs were both involved in narcotics-related homicides in Starr County in 1991. Resendez v. State, 860 S.W. 2d 605, 606-07 (Tex. App. - Corpus Christi 1993, pet. ref'd). An informant thereafter contacted investigators and gave them information leading to the arrest of Plaintiffs. Id. at 607. On April 7, 1991, the grand jury in Starr County issued capital murder indictments for both men. Id.

Plaintiff Eustorgio Guzman Resendez was convicted by a jury of capital murder and received a life sentence of imprisonment. Id. at 606. Plaintiff Ovidio Garcia, Jr., pled guilty to capital

murder and also received a life sentence of imprisonment. <u>Garcia v. State</u>, 75 S.W. 3d 493, 495 (Tex. App. - San Antonio 2002, pet. ref'd), <u>cert. denied</u>, 537 U.S. 1237 (2003). Both men remain incarcerated for their crimes. (<u>See</u> Docket Entry #1.)

Plaintiffs submitted their original complaint along with their application to proceed in forma pauperis on February 28, 2003, alleging a wide-reaching conspiracy to wrongfully have them arrested and ultimately incarcerated. (Docket Entry #1.) Looking to the federal complaint, the Defendants against whom Plaintiffs' civil claims were asserted include the following:[1]

| **Defendant:**[2] | **Discernible connection to this case:** |
|---|---|
| Heriberto Silva | State prosecutor[3] |
| Rio Grande City, Texas | Location where investigations occurred and prosecutors worked on the case[4] |

---

[1] The court generally follows Plaintiffs' description as to each Defendant's connection to this case, as set forth in their federal complaint.

[2] The Defendants are listed here in the order used by Plaintiffs in their original complaint.

[3] See <u>Garcia</u>, 75 S.W. 2d at 495; <u>Resendez</u>, 860 S.W. 2d at 606.

[4] See <u>Garcia</u>, 75 S.W. 2d at 495; <u>Resendez</u>, 860 S.W. 2d at 606.

| Edinburg, Texas | Location where legal proceedings occurred[5] |
|---|---|
| Starr County, Texas | Location where legal[6] proceedings occurred |
| Hidalgo County, Texas | Location where legal[7] proceedings occurred |
| Ricardo Garcia | State judge |
| Gilberto Hinojosa | State judge[8] |
| Eugene Falcon | Sheriff |
| Rene Fuentes | Homicide investigator[9] |
| Jose Luis Ramos | Funeral director |
| Raul Elizondo | Funeral director |
| Ruben Santos | Forensic pathologist[10] |

As noted above, as to these Defendants, Plaintiffs have pled a variety of legal theories.

The web of claims asserted as to the Defendants invokes both federal statutory remedies and state-law torts.[11] As pled by

---

[5] See Garcia, 75 S.W. 2d at 498; Resendez, 860 S.W. 2d at 605.

[6] See Garcia, 75 S.W. 2d at 493; Resendez, 860 S.W. 2d at 607.

[7] See Garcia, 75 S.W. 2d at 498; Resendez, 860 S.W. 2d at 605.

[8] See Garcia, 75 S.W. 2d at 495; Resendez, 860 S.W. 2d at 605.

[9] See Resendez, 860 S.W. 2d at 607.

[10] See Resendez, 860 S.W. 2d at 607.

[11] Owing to the pro se status of Plaintiffs, their tendered complaint is not a model of legal clarity. The court has,

Plaintiffs, the federal-question bases for this lawsuit include predictable claims under 42 U.S.C. § 1983, as well as less usual civil RICO claims under 18 U.S.C. § 1964. The asserted supplemental state-law tort claims include: negligence, wrongful arrest, malicious prosecution, libel, slander, subornation of perjury, perjury, malfeasance, false imprisonment, and civil conspiracy. On the basis of all of the claims, Plaintiffs seek an award of compensatory and punitive damages.

Because this litigation was brought *pro se* by incarcerated individuals, the undersigned invoked statutory screening procedures in accordance with U.S.C. § 1915A. (Docket Entry #5.) The City of Edinburg then sought to have the claims against it dismissed. (Docket Entries #6, 7.) Hidalgo County also filed a brief wherein it raised arguments as to why this case should be dismissed. (Docket Entry #8.) The court then conducted a telephonic screening conference on March 16, 2004, the participants in which were Plaintiffs, counsel for the City of Edinburg, and counsel for Hidalgo County.[12] (See Docket Entry #19.)

---

consistent with principles of substantial justice. Fed. R. Civ. P. 8(f).

[12] Plaintiffs elaborated somewhat their legal contentions at the hearing. (Electronic Recording of Hearing of March 16, 2004.) Among other things, Plaintiffs urged the court to take note of the decision in Turner v. Upton County, Texas, 915 F. 2d 133 (5th Cir. 1990), cert. denied, 498 U.S. 1069 (1991), a case wherein the plaintiff sued various local officials alleging a conspiracy to subject her to a sham trial. Briefly, the court observes that the plaintiff in Turner was ultimately unsuccessful

At this point, the undersigned has studied the record and pertinent legal and policy considerations, determining that this case is ripe for final disposition by the U.S. District Court.

### *Analysis*

The court cannot ignore the fact that matters giving rise to this lawsuit occurred during 1991. While Plaintiffs' appeals may have been coursing the legal system after 1991, they have not raised claims as to the appellate process. Rather, they claim that a complex conspiracy allegedly led to their wrongful arrests in 1991 and subsequent "sham" trials.

For obvious reasons, the court looks to the relevant limitations periods for bringing this action.[13] Civil RICO claims (18 U.S.C. § 1964) are subject to a four-year limitations period. See, e.g., Porter v. Charter Medical Corporation, 957 F. Supp. 1427, 1434 (N.D. Tex. 1997) (wherein plaintiff alleged claims under § 1983, civil RICO, and various state law claims). Their § 1983 claims are subject to a two-year limitations period. Id. Hence, Plaintiffs' federal claims are time-barred.

Similar considerations apply with respect to the state-law

---

observes that the plaintiff in Turner was ultimately unsuccessful in her litigation. Turner v. Upton County, Texas, 967 F. 2d 181 (5th Cir. 1992). Furthermore, the Turner decisions were released prior to the decision in Heck v. Humphrey, 512 U.S. 477 (1994). The importance of the Heck decision will be discussed in the analytical section of this report and recommendation.

[13] Such matters were raised by Hidalgo County in its brief to the court. (Docket Entry #8.)

claims. The court notes the following:

- The state-law claims for malicious prosecution, libel, and slander are subject to a one-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.002(a).
- To the extent that any of Plaintiffs' state-law claims can be characterized as ones for personal injury, they would be subject to a two-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.003(a).
- To the extent that any of Plaintiffs' state-law claims can be characterized as ones for fraud or breach of fiduciary duty, they would be subject to a four-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.004(a).
- All other residual state-law claims would be subject to a four-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.051.

Clearly, then, Plaintiffs' state-law claims are also time-barred.

Because the claims raised in this litigation are so obviously time-barred, the case is frivolous, and dismissal of the entire action is warranted under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).[14] Nevertheless, in the interests of justice, the

---

[14] By way of background, the court notes that a claim is frivolous when it lacks an arguable basis either in law or in fact. See, e.g., Smithback v. 265th Judicial District Court, 2002 WL 1268031, *2 (N.D. Tex. June 3, 2002) (prisoner litigation). A claim lacks an arguable basis in law when it is

court has also considered this case from other angles, noting the following:

- Judges have absolute immunity for actions taken within the scope of their jurisdiction.[15] See, e.g., <u>Smithback v. 265th Judicial District Court</u>, 2002 WL 1268031, *3 (N.D. Tex. June 3, 2002) (state prisoner § 1983 suit against the judicial district, district judge, district attorney's office, district attorney, and defense attorney). Further, allegations of bad faith or malice do not overcome judicial immunity. See, e.g., <u>Smithback v. Dallas County Judicial District</u>, 2002 WL 1878354, *2 (N.D. Tex. August 13, 2002) (state prisoner § 1983 suit against prosecutor, defense counsel, court clerk, judge, and county sheriff). The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors would not be sufficient to avoid absolute judicial immunity.[16] <u>Id.</u> Thus, the claims as to

---

based on an indisputably meritless legal theory. <u>Id.</u> A claim lacks an arguable basis in fact when it describes fantastic or delusional scenarios. <u>Id.</u> The present litigation is frivolous because it lacks an arguable basis both in law *and* in fact.

[15] Plaintiffs contended at the screening conference that the state judges who presided over their trials lacked jurisdiction to do so. (Electronic Recording of Hearing of March 16, 2004.) In light of the affirmance of their convictions, that would seem to be, to say the least, a farcical assertion.

[16] At most, that is what Plaintiffs have alleged in the case at bar.

Ricardo Garcia and Gilberto Hinojosa have no merit whatsoever.

- A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings and in presenting the state's case. Smithback, 2002 WL 1878354, at *3. Thus, the claims as to Heriberto Silva have no merit whatsoever.

- Plaintiff's claims under § 1983 are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. Smithback, 2002 WL 1878354, at *2. In this case, Plaintiffs cannot make any showing sufficient to overcome the Heck threshold, so their claims under 42 U.S.C. § 1983 have no merit.

- The conspiracy alleged by Plaintiffs is utterly implausible. Plaintiffs' farfetched conspiratorial

      allegations have clearly failed to state a civil RICO claim. See generally Manchester v. Rzewnicki, 777 F. Supp. 319, 330 (D. Del. 1991), affirmed, 958 F. 2d 364 (3rd Cir. 1992) (state prisoner suit alleging civil rights and RICO violations).

- As discussed above, no federal questions may be properly maintained in this case. As such, dismissal of the state-law claims is proper under 28 U.S.C. § 1367(c)(3). Rhyne v. Henderson County, 973 F. 2d 386, 395 (5th Cir. 1992) (§ 1983 and state law action by mother of suicide pretrial detainee).

Consequently, even if the claims were not time-barred, dismissal of the entire action would still be warranted under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

### Recommended Disposition

    Having carefully reviewed the record and applicable law, this court respectfully recommends that this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). All other requests for relief should be DENIED AS MOOT. (Docket Entries #7, 11, 12, 14, 20.)

### Notice to the Parties

    Within 10 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's

objections within 10 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

### *To the clerk:*

The clerk of this court shall forward a copy of this report and recommendation to Plaintiffs and counsel.

**DONE** at McALLEN, Texas, this 3rd day of June, 2005.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE